HENRY MANDEL, Respondent, *v.* GUARDIAN HOLDING CO., INC., Defendant, Impleaded with NATIONAL ASSOCIATION BUILDING CORPORATION, Appellant.

First Department, March 4, 1921.

**Vendor and purchaser — bill of particulars may be required as to consideration of option in action for specific performance thereof after property conveyed to another during life of option — contract for sale of real property does not create objection to title — effect of reference to option in deed.**

Where the holder of an option to purchase real property brings an action of specific performance against the person giving the option, and it appears that the property was sold during the life of the option to a third party,

by contract of sale subject " to such rights as plaintiff had under his said option," but on sale of the property subsequently no mention of the option was made in the deed, a bill of particulars may be required of the plaintiff compelling him to state what the alleged " valuable consideration " of his option was, and when and where such valuable consideration was given to the vendor.

A contract for the sale of real property, even though recorded, is not an incumbrance against the property, and does not create a valid objection to the title.

*It seems,* however, that if the deed contains a clause stating that it is subject to an option agreement, it may create a different situation, in that it might show that the vendee acquired no greater interest than the vendor had.

PAGE, J., dissents.

APPEAL by the defendant, National Association Building Corporation, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of January, 1921, as denied that part of the appellant's motion for a verified bill of particulars of plaintiff's complaint, which sought to obtain the details of the alleged valuable consideration for the option agreement upon which this action is brought.

*Louis Salant* of counsel [*Joseph J. Cunningham* with him on the brief; *Aronson & Salant,* attorneys], for the appellant.

*Joseph J. Corn* of counsel [*Eisman, Lee, Corn & Lewine,* attorneys], for the respondent.

GREENBAUM, J.:

The action is brought for the specific performance of an alleged option agreement, dated November 18, 1919, given by the defendant Guardian Holding Co., Inc., to the plaintiff for a " valuable consideration," for the purchase of premises situated at 471–473 Fifth avenue and 4–6 East Forty-first street, for the sum of $1,200,000, upon certain terms and conditions therein set forth. According to its terms the option expired on January 18, 1920. The complaint asks that the right, title and interest of the appellant, the National Association Building Corporation, in said premises be adjudged subject and subordinate to plaintiff's rights, and that the appellant

be adjudged as trustee of said premises for plaintiff's benefit and directed to convey said premises and account to the plaintiff for the rents, issues and profits thereof.

The complaint alleges that the Guardian Holding Co., Inc., was the owner and in possession of the premises in question on November 18, 1919; that on December 27, 1919, it made an executory agreement with the Barclay Holding Corporation for the sale of the said premises, containing a clause " that said premises were encumbered by and subject to plaintiff's said option; " that thereafter and prior to January 17, 1920, and before the commencement of this action plaintiff duly notified the Guardian Holding Co., Inc., that he desired to enter into a formal written contract for the sale of the premises to him upon the terms and conditions mentioned in the option agreement, and at the same time duly tendered the sum of $25,000 as a deposit on said proposed written contract, all in accordance with the provisions of the option agreement, but that the Guardian Holding Co., Inc., refused to enter into any such formal written agreement; that on or about January 5, 1920, the Barclay Holding Corporation, " without plaintiff's consent, entered into an agreement with one James T. Lee to sell and convey said premises to said Lee; " that said Lee then had full knowledge and notice of plaintiff's option; that in said Lee's agreement with the Barclay Holding Corporation it was expressly set forth, " (a) that said Barclay Holding Corporation was under contract to purchase said premises, and that if for any reason other than its own fault it failed to acquire title thereto, its liability should be limited to the return of said Lee's deposit and its expenses for examining title; and (b) that said premises were encumbered by and should be conveyed by said Barclay Holding Corporation to said Lee subject to such rights as plaintiff had under his said option." It is also alleged that Lee, who was the president of the defendant National Association Building Corporation, thereafter assigned his contract to said corporation.

The complaint further alleges that on or about February 2, 1920, the Guardian Holding Co., Inc., conveyed the premises in question to the Barclay Holding Corporation without any consideration therefor, and that subsequently and on March 5, 1920, the Barclay Holding Corporation, without plaintiff's

consent, executed a deed after the filing of the notice of pendency of this action, conveying the premises to the appellant, the National Association Building Corporation. Nothing appears in the complaint indicating whether or not either the deed to the Barclay Holding Corporation or the deed from that company to the defendant National Association Building Corporation contained any reference to the option agreement of the plaintiff.

Respondent opposed the motion for a bill of particulars of the consideration upon which his option was based, upon the ground that the appellant was not in a position to question the consideration, contending that the situation of the appellant is analogous to that of a grantee who, having accepted a deed to real property subject to a specifically described mortgage or lien, could not question its consideration or validity. We do not think it necessary to pass upon the question whether the analogy made by the learned counsel for the respondent is applicable to an executory agreement for the sale of property which is made subject to an existing option agreement to another for the purchase of the same property, for the reason that the amended complaint alleges that the contract of the Barclay Corporation with the appellant was only subject " to such rights as plaintiff had under his said option," thus leaving the defendant in a position to inquire into the validity or consideration of the option to establish, if he can, that plaintiff had acquired no rights thereunder.

The fact that the agreement given to the Barclay Corporation contained a clause that it was subject to plaintiff's option, and that appellant had notice thereof, while perhaps important to plaintiff in establishing his cause of action for specific performance, has no bearing upon appellant's right to inquire into the consideration of the option agreement, as it does not appear that the deed to the Barclay Corporation contained any clause showing that its title was subject to the option agreement. A contract for the sale of real property, even though recorded, is not an incumbrance against the property and it does not create a valid objection to the title. (*Boyd* v. *Schlesinger*, 59 N. Y. 301; *Washburn* v. *Burnham*, 63 id. 132.) If the deed contained a clause stating that it was subject to the option agreement, a different situation might exist, for the

reason that the appellant would not acquire any better title than the Barclay Corporation had.

The order appealed from should be modified to the extent of requiring plaintiff to state what the alleged " valuable consideration " of plaintiff's option was, and when and where such valuable consideration was given to the Guardian Holding Co., Inc., and as thus modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING and SMITH, JJ., concur; PAGE, J., dissents.

Order modified as stated in opinion, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.